FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 5 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAYNE THOMAS,

               Petitioner,

-v-

DUKE TERRELL,

               Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-512

**AMON, Chief United States District Judge:**

On February 2, 2010, pro se petitioner Wayne Thomas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He requests that this Court order the Federal Bureau of Prisons ("BOP") to transfer him to a residential re-entry center ("RRC") for the remainder of his term of imprisonment. He also requests that this Court declare unlawful the BOP's policy concerning the pre-release placement of inmates at RRCs.

## BACKGROUND

### I. Facts

The petitioner is currently serving a 300-month sentence at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. His projected released date is February 26, 2013. On August 26, 2009—42 months before his projected release date—the petitioner submitted a request to the Warden of the MDC requesting transfer to an RRC to serve the remainder of his sentence. The Warden denied the request, advising the petitioner that he would be considered for transfer when his release date approached 18 months or less. (Doc. 9 at 11.)

The petitioner appealed the denial to the BOP Regional Director. The appeal was denied. The petitioner did not appeal this denial to BOP's Office of General Counsel. Instead, he initiated this action on February 2, 2010.

## II. Statutory framework

The transfer of inmates to RRCs prior to their release is governed by 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub.L. No. 110-199, 1222 Stat. 657 (2008). This statute provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner in the community. Such conditions *may* include [an RRC]."

18 U.S.C. § 3624(c)(1) (emphasis added). The Second Chance Act increased the maximum period of pre-release RRC placement from 6 to 12 months. However, "the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC." Fournier v. Zickefoose, 620 F. Supp. 2d 313, 318 (D. Conn. 2009); Owusu-Sakyi v. Terrell, 2010 WL 3154833, at *4 (E.D.N.Y. 2010). In exercising its discretion over inmate placements and transfers, the BOP must consider five individualized factors enumerated in 18 U.S.C. § 3621(b). Owusu-Sakyi, 2010 WL 3154833, at *5; see § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

On October 21, 2008, the BOP issued a regulation to ensure that its pre-release placements conform to the Second Chance Act. See Pre-Release Community Confinement, 73 Fed. Reg. 62440 (Oct. 21, 2008) (codified at 28 C.F.R. § 570.22). The regulation provides: "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22. Pursuant to an April 14, 2008 BOP

Memorandum, each inmate is screened for RRC placement eligibility 17 to 19 months before his or her projected release date. Owusu-Sayki, 2010 WL 3154833, at *4; Bernard v. Roal, 716 F. Supp. 2d 354, 358 (S.D.N.Y. 2010).

## DISCUSSION

The petitioner argues that the BOP's blanket refusal to consider his request for a transfer violated § 3624(c)'s requirement that the BOP consider the factors enumerated in § 3621(b) when determining each inmate's placement. The Court finds that the petitioner is not entitled to relief because he failed to exhaust his administrative remedies. In any event, the petitioner's claim is without merit. Accordingly, the petition is denied.

### I.     Exhaustion of administrative remedies

Federal prisoners must exhaust their administrative remedies before filing a petition for habeas relief in federal court. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). "Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing Carmona, 243 F.3d at 634). A court may excuse the failure to exhaust administrative remedies when it determines that exhaustion would have been futile. Id.

A federal inmate challenging the conditions of his confinement must follow the Administrative Remedy Program developed by the BOP. Id. (citing 28 C.F.R. §§ 542.10-19). This program has four steps, each of which must be exhausted: (1) attempt to resolve the issue informally; (2) submit a formal written Administrative Remedy Request to the institution; (3) appeal any unfavorable decision by the institution to the Regional Director of the BOP; and (4) appeal any unfavorable decision by the Regional Director to the BOP's General Counsel. Id.

In this case, the petitioner failed to exhaust his administrative remedies. Although he submitted a formal request for placement in an RRC and undertook an appeal after his request was denied, he failed to appeal the Regional Director's denial of his request to the BOP's Office of General Counsel.

The petitioner asserts that any further appeal would have been futile because it "would most likely have been rejected based upon the official BOP policy which prohibits consideration of any inmate release to an RRC until the inmate has served at least 90% of his sentence." (Docket Entry 9 at 4.) This argument is without merit and appears to be based on a misunderstanding of the BOP's current RRC placement policy. Although two former BOP policies promulgated in 2002 and 2005, respectively, limited RRC placement to the last ten percent of an inmate's term of imprisonment, those policies are no longer in effect. See Levine v. Apker, 455 F.3d 71, 73-77 (2d Cir. 2006) (chronicling history of BOP's RRC policies); Owusu-Sakyi, 2010 WL 3154833, at *4. The BOP's current policy, implemented in the wake of the Second Chance Act, does not limit pre-release RRC placement to any specific percentage of an inmate's total term of imprisonment. 28 C.F.R. §§ 570.21-22 (2008); Owusu-Sakyi, 2010 WL 3154833, at *4.

The petitioner has failed to identify any operative BOP policy that would categorically preclude his transfer to an RRC and thus has not established that exhaustion of his administrative remedies would have been futile. Moreover, even if the petitioner's appeal likely would have been denied under the BOP's current policy governing RRC placement, this does not establish futility. Owusu-Sayki, 2010 WL 3154833, at *5. Because the petitioner failed to exhaust his administrative remedies, he is not entitled to federal habeas relief.

## II. Merits of petitioner's claim

Even if this Court were to excuse the petitioner's failure to exhaust his administrative remedies, his claim would fail on the merits. It is well-established that "a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another." Bennett v. Terrell, 2010 WL 1170134, at *1 (E.D.N.Y. 2010) (citing Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983) and Meachum v. Fano, 427 U.S. 215, 224-25 (1976)). Not only does the BOP have the authority to designate the place of confinement for federal prisoners, "the BOP's discretion in making prisoner classifications is 'virtually unfettered.'" Id. (quoting Hudson v. Lindsay, 2008 WL 4998395, at *1 (E.D.N.Y. 2010)). Because of this, "the Court 'has no authority to order that a convicted defendant be confined in a particular facility.'" Id. (quoting United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995)). Accordingly, this Court cannot order the BOP to transfer the petitioner to an RRC.

At best, if a federal inmate can "demonstrate that the BOP failed to consider the § 3621(b) factors and instead applied an invalid regulation in reaching its determination, the Court could 'order the agency to make a new determination in compliance with 18 U.S.C. § 3621.'" Id. (quoting Pedreira v. Lindsay, 2008 WL 4185702 (E.D.N.Y. 2008); Dadaille v. Terrell, 2010 WL 1930267, at *4 (E.D.N.Y. 2010). The BOP's current regulation, however, expressly provides for individualized consideration of the § 3621(b) factors. The petitioner's challenge amounts to nothing more than an attempt to have the Court hasten the BOP's consideration of those factors in his case. However, because the petitioner is not eligible for placement in an RRC until 12 months before the date of his release, the BOP did not exceed its

statutory authority in declining to review the petitioner's transfer request until approximately 18 months before his projected release date.

## CONCLUSION

For the foregoing reasons, the petition is denied. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
  May __, 2012

/S/
_____
Carol Bagley Amon
United States District Judge